UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

```
-----------------------------------------------------------x
SMARTDESKS, INC., and                    :
PETER J. STENGEL                         :
                                         :   CIVIL ACTION NO. MJG-05-3456
              Plaintiffs,                :
                                         :
            - against -                  :
                                         :
CBT SUPPLY, INC., and                    :
JEFFREY KORBER,                          :
                                         :
              Defendants.                :
-----------------------------------------------------------x
```

### MOTION IN LIMINE TO EXCLUDE ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS AND RELATED DERIVED "EVIDENCE"

Plaintiffs, SMARTDESKS, INC. (hereinafter "Plaintiff Smartdesks"), and PETER J. STENGEL (hereinafter "Plaintiff Stengel") by Marcia Stengel, Peter J. Stengel's personal representative (collectively, hereinafter "Plaintiffs"), by and through their undersigned attorneys Conwell, LLC, hereby move for an order excluding any and all evidence related to attorney-client privileged communications, specifically to exclude from evidence the December 21, 2005 email sent from Plaintiff Stengel's counsel to Plaintiff Stengel and to exclude all derived evidence as prejudicial to the administration of justice as described and required by the District of Columbia Bar Association, and in further support state:

1.      The facts and positions of the parties involved in the instant Motion have been fully addressed and are immediately ripe for argument in the conference before this Court, scheduled for May 31, 2006.  The facts and evidence were raised by the Plaintiffs in their Complaint, see Plaintiffs' Complaint (Dkt. No. 1) at ¶ 71, Exh. 16 (redacted version of the email), and in their Memorandum in Support of Plaintiffs' Motion to Dismiss Defendants' Counterclaims And/Or

For Summary Judgment (Dkt. No. 21) at pp. 25-30, Exh. (C) at 7 (Dec. 21, 2005 email), Exh. 6 (DC Bar Opinion 318: Disclosure of Privileged Material by Third Party)(reproduced herein as Exhibit (1)).  The Plaintiffs requested the following relief:  "Order Defendants to account for all emails stolen from the DESIGN@SMARTDESKS.COM email account and use their best efforts to describe and recall all such emails sent to third parties."  Plaintiffs' Complaint (Dkt. No. 1) at ¶ C; Plaintiffs' Amended Complaint (Dkt. No. 33) at ¶ E.

2.    The referenced documents describe the admitted facts, the clear violations of the attorney-client privilege, and the Defendants' attempt to exploit such violations in an attempt to receive monetary damages.  The Plaintiffs hereby adopt and incorporate the referenced document as if fully located herein.  A proposed Order is provided.

3.    To these serious accusations of misconduct, the Defendants responded in the last paragraphs of their Opposition to Plaintiffs' Motion to Dismiss Defendants' Counterclaims And/Or For Summary Judgment (Dkt. No. 25), pp. 24-25.  In their Response, the Defendants mislead the court on several key issues.[1]  The Defendants' Opposition disputes whether the email was in fact "stolen" as the Plaintiffs have alleged, focusing on disputed factual issues involving who had control of the web site and originally determined the distribution of the email.  The Defendants' version of facts – contradicted by Defendant Korber's sworn testimony in his

---

[1] The Defendants do not deny that they exploited the email link.  Their entire response is a misleading attempt to provide another source for their information, a purported exhibit that contained a copy of the Plaintiffs' web site, see Opposition at Exh. 11 and 22.  As the Defendants are aware and as described by Plaintiff Stengel in the confidential attorney-client communications which they provided, see Opposition at Exh. 24, the "SMARTdesks Design Studio" web site was a site that had been under development as part of the joint business venture with Defendant Korber.  Defendant Korber actually made a counterclaim in a related breach of contract suit in Howard County Circuit Court that he should be compensated because Plaintiff Stengel had *not* fully developed this site.  In fact, as is apparent from the "evidence", this was in fact a Google cache of a site that already become discontinued specifically because of the demise of the joint business venture with the Defendants.  In summary, the Defendants provided evidence of a then-non-existing web site that Plaintiff Korber had an interest in developing that solely existed as a cached history in Google.

deposition – is irrelevant to the issue currently before the court. The issues currently before the court are whether the communication was an attorney-client communication and whether the communicating party intended to waive the attorney-client privilege.

4.    First, the Defendants misleadingly state the party who made the communication. The December 21, 2005 email was sent *from* counsel *to* the client. Counsel had no knowledge that in returning an email sent from his client, it could be intercepted by the Defendants. It does not need to be stated that undersigned counsel never intended Defendants to receive any such communication.

5.    Second, as admitted by the Defendants and as a reasonable inference to be attributed to the Defendants' counsel, the email from counsel to client was an attorney-client privileged communication and there were no indications that counsel or any party intended to waive attorney-client privileges. On the contrary, Defendants admitted they immediately recognized the email as coming from an attorney – the opposing counsel – and read and recognized the warning messages on the email, and recognized the email as a confidential attorney-client privileged communication. One responsible employee from Defendant CBT Supply informed the Plaintiffs' counsel as such. After being notified by the Defendants' employee, Plaintiffs' counsel immediately informed the Defendants to destroy all copies and to not utilize the email in any manner, as admitted by the Defendants. Nevertheless, Defendant Korber and his counsel proceeded to attempt to exploit the email through their counterclaims, filed less than one month later, see Counterclaim (Dkt. No. 4) and Amended Counterclaim (Dkt. No. 8). Knowing that the communication was attorney-client privileged, and receiving an immediate communication from Plaintiffs' counsel verifying its status, no party or counsel ever attempted to ask Plaintiffs or counsel whether they intended to waive any privilege.

6.     Since April 18, 2006, when Plaintiffs' counsel filed pleadings (Dkt. No. 21) informing

the Defendants that it was a serious violation of the D.C. Bar to continue to utilize attorney-client

privileged communications – and six (6) months after Defendants were notified to destroy and

otherwise not review the email – Defendants have continued to use the communication in

violation of the D.C. Bar and all appropriate ethical rules.  Defendants included their own

version of the December 21, 2005 email as a repeated and unnecessary exhibit to the court, <u>see</u>

Defendants' Opposition at Exh. 24, and recently attempted to exploit the email and obtain other

privileged evidence through discovery.

7.      Less than a week ago, after being provided an ethics opinion by the D.C. Bar, and after

apparently investigating and determining that they do not need to comply with ethical rules, the

Defendants requested the following from Plaintiffs Stengel and Smartdesks:

> **Request No. 27**
> All documents concerning all of the subject matters set forth in the December 21,
> 2005 E-mail including, but not limited to, all documents concerning the
> preparation and drafting of Plaintiffs' Complaint. This request specifically
> includes correspondence between Plaintiffs and their Counsel, as well as
> Counsel's work product pertaining to any subject matter contained in the
> December 21, 2005 E-mail.

Exhibits (2) and (3).  Thus, apparently becoming unsatisfied at receiving only one stolen

attorney-client privileged communication, *Defendants' counsel are now intentionally attempting*

*to obtain all attorney client and attorney work product documents and communications*.

8.     The duty to court and opposing counsel to maintain attorney-client relationships and

related ethical obligations is clear.  "The attorney-client relationship between [client and

counsel], like the doctor-patient relationship in <u>Baird</u>, is one of special consequence; and like

<u>Baird</u>, it [should not be materially impaired]."  <u>Caplin & Drysdale, Chartered v. United States</u>,

491 U.S. 617, 624 (1989).

The bar of the District of Columbia, of which attorneys entered on this case are members and which should be considered persuasive evidence of attorney misconduct, plainly bans even viewing attorney-client privileged communications. See Exhibit (1) (D.C. Bar Ethics Opinion 318: Disclosure of Privileged Material by Third Party). The requirements of the bar are directly applicable to the court's consideration:

> When counsel in an adversary proceeding receives a privileged document from a client or other person that may have been stolen or taken without authorization from an opposing party, Rule 1.15(b) requires the receiving counsel to refrain from reviewing and using the document if: 1) its privileged status is readily apparent on its face; 2) receiving counsel knows that the document came from someone who was not authorized to disclose it; and 3) receiving counsel does not have a reasonable basis to conclude that the opposing party waived the attorney-client privilege with respect to such document. *Receiving counsel may violate the provisions of Rule 8.4(c) by reviewing and using the document* in an adversary proceeding under such circumstances and should either return the document to opposing counsel or make inquiry of opposing counsel about its status prior to determining what course of action to take.

Id (emphasis added). If an attorney violates these procedures, the attorney may violate Rule 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation). Id.

9.     The standard for exclusion of evidence unlawfully and unethically obtained and utilized is clear. A record containing prejudicial evidence should be excluded as well as evidence related to the foundation of the record. Federal Rule of Evidence, Rule 403; Old Chief v. United States, 519 U.S. 172, 180-92 (1997). The "fruits" of unlawfully obtained evidence are inadmissible. Wong Sun v. United States, 371 U.S. 471, 477 (1963). Just as the Supreme Court adopted the exclusionary rule to deter future unlawful police conduct, see U.S. v. DeQuasie, 373 F.3d 509, 519 (4th Cir. 2004)(citing United States v. Calandra, 414 U.S. 338, 347 (1974)), it is appropriate to exclude all the "fruits" of unlawful or unethical evidence to deter unethical conduct by a party or the party's attorney. This policy is especially required after the party and party's attorney

have been warned about unethical conduct and expressly stated their intention to continue such conduct. In this instance the exclusionary rule "reaches not only primary evidence obtained as a direct result of an illegal [activity], but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" Id (citing Segura v. United States, 468 U.S. 796, 804 (1984)).

10.    Therefore, Plaintiffs request that the December 21, 2005 email be excluded as illegal or unethical evidence. Plaintiffs request that the "fruit" of the December 21, 2005 email be excluded. Plaintiffs request that the court compel Defendant Korber to testify under oath as to all parties, including attorneys, who utilized the email.[2] Plaintiffs request that counts I, II, III and V of the Defendants' counterclaim, see Amended Counterclaim (Dkt. No. 8), be dismissed with prejudice as the "fruit of the poisonous tree."

11.    The Defendants have been fully informed that their actions were in violation of all ethical rules, have investigated the rules themselves, and have continued to flout all legal and ethical requirements in complete disdain for standard attorney conduct and their duty to the bar.

WHEREFORE, Plaintiffs request that this Honorable Court issue an order excluding any and all evidence related to attorney-client privileged communications, specifically to exclude from evidence the December 21, 2005 email sent from Plaintiff Stengel's counsel to Plaintiff Stengel and to exclude all derived evidence as prejudicial to the administration of justice as described and required by the District of Columbia Bar Association.

---

2 It is reasonable to assume, based on the admitted facts and actions of the Defendants and counsel, that all Defendants and counsel have read and utilized the email to some degree.

Respectfully submitted,


CONWELL, LLC


_/s/_____
SCOTT A. CONWELL
U.S. Dist. Ct. Bar No. 15008

2138 Priest Bridge Court, Suite No. 4
Crofton, MD 21114
(410) 451-2707
FAX: (410) 451-2706

Counsel for Plaintiffs


Dated: May 29, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _29th__ day of _May__, 2006, a true and correct copy of the foregoing Motion In Limine To Exclude Attorney-Client Privileged Communications And Related Derived "Evidence" was served via E-file on the following counsel of record:

James M. Mesnard
Seyfarth Shaw LLP
815 Connecticut Ave., N.W.
Suite 500
Washington, DC 20006


____/s/_____
Scott A. Conwell