```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

SMARTDESKS, INC., et al.      *

          Plaintiffs          *

              vs.             *   CIVIL ACTION NO. MJG-05-3456

CBT SUPPLY, INC., et al.      *

          Defendants          *

*     *     *     *     *     *     *     *     *
```

## MEMORANDUM AND ORDER

The Court has before it Plaintiffs' Motion to Dismiss Defendants' Counterclaim [Paper 58] to which Defendants responded. Plaintiffs did not reply to the Defendants' response. The Court finds that a hearing is unnecessary.

The Court must deny a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless it "appears beyond doubt that the [Counterclaim] Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The question is whether in the light most favorable to the [Counterclaim] Plaintiff, and with every doubt resolved in his behalf, the Complaint states any valid claim for relief. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 417 (3d ed. 2004).

In view of the absence of any reply to the response, Defendants' contentions remain unaddressed and are persuasive. While Plaintiffs may well turn out to have valid defenses to some, or even all, of the counterclaims, they do not present grounds for dismissal of Counts I through VI. Count VII, on the other hand, does not state a discernible claim against Plaintiffs. Little discussion is warranted.

Standing: Plaintiffs note that in the preface to the pleading and in ¶1 of the Counterclaim, CBT Supply, Inc. has referred to itself as "CBT Supply, Inc. d/b/a SMARTDESKS." CBT refers to itself as "CBT Supply, Inc." without the "d/b/a" in the case caption and elsewhere in the body of the document. See, e.g., id. at 5, ¶ 22; id. at 10, ¶ 69.

Even if there could be said to be an "error" in the references to the "d/b/a," it would be of no consequence whatsoever. The Clerk had no trouble filing the pleading in the proper case. Neither Plaintiffs nor the Court has been misled and Plaintiffs have suffered no prejudice. The pleading will not be dismissed due to the "error." In the interest of consistency, Defendants should refer to CBT in pleadings as it is named in the caption of the case. However, if CBT should again slip, absent demonstrable prejudice to Plaintiffs, there will be no adverse consequences.

Counts I, II, III:  Plaintiffs seem to contend that Plaintiffs have a duty to plead specific evidence and/or detail to provide their claim rather than, simply, to provide adequate notice of the nature of the claims.  Moreover Defendants have no duty to establish damages as to any claim for which injunctive relief is possible.  Counts I, II, and III shall not be dismissed.

Count IV:  The merits of Defendants' case can be addressed in the summary judgment context.

Count V:  The Copyright Law has not preempted any and all common law unfair competition and trade libel claims.  While some such claims are preempted, others may not be.  There shall be no dismissal of Count V.

Count VI:  The "fact" that Plaintiffs has "no knowledge as to this [indemnification] claim or its elements" does not provide a basis for dismissal.  Defendants appear to have such knowledge and have adequately pleaded a claim.  Whether Defendants have a valid claim remains to be seen, of course.

Count VII:  Fraud on the Patent and Trademark Office is pleaded in so conclusory a fashion that the nature of the claim being asserted <u>against Plaintiffs</u>[1] cannot be ascertained.   Count

---

[1]   Presumably, a fraud against the PTO would have adverse effects upon Plaintiffs' claims against Defendants.  However, it

VII shall be dismissed without prejudice to any contention that Defendants may make regarding such fraud as a defense to Plaintiffs' claims.

Count VIII: The Copyright Act does not preempt any and all common law tort claims for tortious interference with business relations. The claims presented by Defendants appear to be based upon tortious actions other than copyright violations. Plaintiffs' contentions as to the sufficiency of certain evidence can be presented and resolved in a summary judgment, but not dismissal, context.

For the foregoing reasons:

1. Plaintiffs' Motion to Dismiss Defendants' Counterclaim [Paper 58] is GRANTED IN PART AND DENIED IN PART.

    a. Count VII is dismissed without prejudice to any contention that Defendants may make regarding such fraud as a defense to Plaintiffs' claims.

    b. Counts I through VI remain pending.

---

is not apparent how such a fraud would create liability as distinct from a defense for Defendants.

    2.    The case shall proceed pursuant to existing scheduling.

SO ORDERED, on <u>Friday, August 18, 2006</u>.

                                             / s /
                                Marvin J. Garbis
                     United States District Judge