```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

SMARTDESKS, INC., et al.       *

         Plaintiffs            *

           vs.                 *   CIVIL ACTION NO. MJG-05-3456

CBT SUPPLY, INC., et al.       *

         Defendants            *

*   *   *   *   *   *   *   *   *
```

### ORDER IMPOSING SANCTIONS ON SCOTT A. CONWELL, ESQUIRE

A hearing was scheduled to be held at 2:00 p.m. on October 30, 2006 regarding Defendants' Motion to Compel. Plaintiffs' counsel, Scott A. Conwell, Esquire ("Conwell"), had ample notice of the date and time of the hearing. Conwell's office is located in Crofton, Maryland near Annapolis (approximately 30 minutes driving time from the courthouse). At least ten minutes <u>after</u> the time set for commencement of the hearing, Conwell's secretary called Chambers to advise that his car had malfunctioned, he would not be on time for the hearing, and would have to get other transportation from Annapolis, where he was then located, to the courthouse. Ultimately, Conwell arrived at least one and a half hours late for the hearing.

The Court understands that automobiles malfunction and would not impose sanctions merely for lateness caused by Conwell's car troubles. However, Conwell's behavior was completely unacceptable. First of all, Conwell presented no valid reason for his not having notified the Court at least a half hour before

the hearing[1] that he had a car problem.  This would have, at least, demonstrated a modicum of courtesy to the Court and opposing counsel.  Second, Conwell presented no valid reason why he did not arrive at the courthouse until after opposing counsel had been required to wait more than an hour and a half.  Most certainly, Conwell, once he knew of his car problem, should have been able to get himself to the courthouse - even if he had to call a taxi - in less than an hour.

The Court has several bases for imposing sanctions upon Conwell.  These include the inherent power of the Court to assess attorney's fees against counsel recognized in <u>Roadway Express v. Piper</u>, 447 U.S. 752, 764-5 (1980).  The Court, having heard from Conwell at the hearing, finds that Conwell acted in bad faith in regard to his appearing more than one and a half hours late.  Accordingly, it is appropriate to impose sanctions based upon the inherent power of the Court.

Moreover, 28 U.S.C. § 1927 provides that

> Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be require by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

Plaintiff's counsel was in violation of 28 U.S.C. § 1927 by inexcusably lengthening the time spent by Defendants' counsel in regard to the said hearing.

---

[1] Certainly, he should have started to drive to the courthouse at least a half hours prior to the hearing.

By Order of September 19, 2006, Conwell was expressly warned by the Court to "be careful to act in a timely manner . . . ." Under the circumstances presented, the Court finds it necessary to sanction Conwell for his failure to meet his obligations as counsel.[2]

An appropriate sanction, and the minimum necessary under the circumstances, is to require Conwell to compensate Defendants for the fees of their counsel for the period during which he was responsible for their inaction.

The Court finds that Conwell should have known of his car malfunction at least a half hour prior to the start of the hearing and should have gotten himself to the courthouse within an hour of such knowledge. Accordingly, the Court will impose sanctions for one hour of the hour and a half wasted by Defendants' counsel. Two of Defendants' counsel attended the hearing and the Court finds that it was appropriate for both to have attended. Accordingly, the sanction shall be for one hour of chargeable time at the billing rate of Defendants' counsel ($350 for one and $310 for the other) for a total of $660.

Accordingly:

> 1. The Court shall, and hereby is, imposing sanctions under its inherent authority and 28 U.S.C. § 1927 upon Scott A. Conwell, Esquire.

---

[2] It may well have been proper to hold Conwell in contempt. However, in view of the possible collateral consequences of such a holding and the finding that Conwell will hereafter meet his professional obligations, the matter of contempt will not be considered.

3

2. The amount of such sanctions is $660.

3. Scott A. Conwell, Esquire shall pay Defendants the amount of $660 by December 15, 2006.

    a. If timely payment is not made, Scott A. Conwell, Esquire shall file a document, by December 18, 2006, showing cause why he should not be held in contempt for failing to comply with this Order.

    b. In the absence of an adequate showing of cause, Scott A. Conwell, Esquire may be subject to sanctions including, but not limited to, a fine based upon the extent of lateness.

4. Defendants shall advise the Court, by December 18, 2006, whether timely payment has been made pursuant to this Order.

SO ORDERED, on **Friday, December 1, 2006**.

                            / s /
                     Marvin J. Garbis
               United States District Judge