UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
SUSAN K. GAUVEY
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_skgchambers@mdd.uscourts.gov
(410) 962-4953
(410) 962-2985 - Fax

April 9, 2007

Scott A. Conwell, Esq.
H. Robert Field, Esq.
Conwell, LLC
2138 Priest Bridge Court, Suite 4
Crofton, MD 21114

Kent D. B. Sinclair, Esq.
Jay B. Kesten, Esq.
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210

James M. Mesnard, Esq.
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004

Matthew N. Foree, Esq.
Seyfarth Shaw LLP
One Peachtree Pointe
1545 Peachtree Street, Suite 700
Atlanta, GA 30309-2401

Gregory M. Stone, Esq.
Steven E. Tiller, Esq.
Whiteford, Taylor & Preston
7 Saint Paul Street
Baltimore, MD 21202

Royal W. Craig, Esq.
Diane Festino Schmitt, Esq.
Ober/Kaler
120 East Baltimore Street
Baltimore, MD 21202

    Re:  Smartdesks, Inc., et al. v. CBT Supply, Inc., et al.
         Civil No. MJG-05-3456

Dear Counsel:

    Pending before this Court are plaintiffs' three Motions to Compel, Non-Party Gregory Stone's Motion to Quash, and defendants' Request to Strike Late Filed Memoranda. Pursuant to these pleadings and arguments made by the parties and non-parties at the motions hearing held before the Court last week, the undersigned rules as follows:

1. Defendants' Request to Strike Plaintiffs' Late Filed Memoranda (Paper No. 169) is GRANTED; Plaintiffs' Late Filed Reply Memoranda (Paper Nos. 167 and 168) are STRICKEN;

2. Plaintiff's Motion to Compel Production of Documents by Non-Party Gregory Stone (Paper No. 131) is DENIED; Non-Party Gregory Stone's Motion to Quash Subpoena (Paper No. 153) is GRANTED. Plaintiffs have failed to demonstrate the existence of any attorney-client relationship between the late Peter Stengel and Gregory Stone. Mr. Stone has submitted an affidavit denying representation. Plaintiffs have not rebutted same. While plaintiffs point to certain emails and documents, those documents do not in the Court's view establish any attorney-client relationship.

3. Plaintiff's Motion to Compel Non-Parties Royal W. Craig and Ober Kaler to Produce Documents and to Submit Privilege Logs for Documents Withheld for Any Reason (Paper No. 145) is DENIED based on the lack of relevancy to the issues in the above-captioned case. However, Mr. Craig's past representation of the parties appears relevant to the claims in another case currently pending before this Court, <u>Technical Furniture Group, LLC v. CBT Supply, Inc. et al</u>, 06-3424-MJG. (The final determination as to relevance and production, of course, rests with the trial judge in that case). Plaintiffs in that case certainly can press for this discovery in that case at the appropriate time. <u>See</u> Local Rule 104.4. The undersigned suggests that resolution of entitlement to the discovery would be greatly aided by Royal Craig and Ober Kaler's preparation of an affidavit on the dates, nature and extent of their representation of the various persons and entities.

4. Plaintiff's Motion to Compel Production of Documents (Paper No. 146) is held <u>sub</u> <u>curia</u> pending compliance with the following schedule and directives:

    A. By April 11, 2007, plaintiffs will provide

        defendants with an estimate from their copying service, Daniels Printing, for the cost of copying and bates-stamping documents sought by plaintiffs. Plaintiffs will provide defendants with a letter from Daniels Printing affirming its experience in litigation copying of this complexity and its agreement that if it is given custody of the documents, it shall have custody only for purposes of copying and access will not be given to plaintiffs' counsel during its custody of same. Defendants can get their own estimate and if higher than the Daniels Printing estimate, it can have the copying done there, but, any extra expense must be borne by defendants.

    B.    The parties will "meet and confer" regarding matters raised in plaintiffs' motion to compel (Paper No. 145), including but not limited to electronic discovery, alleged overbreadth and irrelevancy of document requests, privilege logs, and privilege generally; and plaintiffs will further tailor the requests made in their interrogatories and requests so that defendants are able to provide answers with appropriate specificity;

    C.    On April 18, 2007, the parties will advise the Court in writing of the status of their "meet and confer" regarding issues in plaintiffs' Motion to Compel and identify any remaining issues.

5.    By April 11, 2007, the parties, including parties in the related matter, <u>Technical Furniture</u>, will inform the Court whether they have chosen to proceed with mediation. Should they decide to proceed, the name of the mediator and the date of the mediation will be provided to this Court. If the parties decide against this mediation, as per the request of Judge Garbis, the undersigned will prepare a report and recommendation regarding defendants' Motion for Sanctions of Dismissal of Complaint and Entry of Judgment on Counterclaims (Paper No. 124).

    In addition to the above rulings, the undersigned would like the parties to send chambers an email regarding the outcome of the upcoming conference with Judge Garbis regarding both the <u>Smartdesks</u> and <u>Technical Furniture Group</u> matters.

    Despite the informal nature of this letter, it will

constitute an Order of the Court and will be docketed accordingly.

                                          Sincerely yours,

                                                /s/

                                          Susan K. Gauvey
                                          United States Magistrate Judge

cc:  Honorable Marvin J. Garbis
     Court file

     Thomas J. Dolina, Esq.
     Bodie Nagle Dolina Smith and Hobbs PA
     21 West Susquehanna Avenue
     Towson, MD 21204
     tjdolina@aol.com