IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SMARTDESKS, ET AL.                *

   V.                             *   CIVIL NO. MJG-05-3456

CBT SUPPLY, INC., ET AL.          *

**O R D E R**

    The Court held a telephonic hearing on August 24, 2007, to address defendants' Motion for Sanction of Dismissal of Complaint and Entry of Judgment on Counterclaims (Paper No. 124) and this Court's Order of November 9, 2006 (the "November 9 Order") (Paper No. 86). The Court has reviewed the parties' filings at Paper Nos. 125, 147, 156 and 164. The Court hereby finds that defendants' motion is GRANTED IN PART.

    1.   The Court finds that defendants' Revised Document Requests Nos. 27 and 28 comply with the instructions of the November 9 Order and that the number of subparts to Request No. 27 does not provide a basis for objection and failure to respond.

    2.   The Court further finds that by their counsel's letter of January 12, 2007, plaintiffs waived their objection to the number and the nature of the document requests contained in the Revised Requests for Production; while in their March 23, 2007 letter plaintiffs attempt to reserve objections to (a) and (i), while producing documents, a party cannot produce documents <u>and</u> preserve objections. Nonetheless, 27(a) can only be read to include drafts exchanged between attorney and client, drafts of

counsel that were not shared still retain the attorney work product mantle.  As to 27(i), the Court concludes that the request is too broad; the subject matter waiver goes only to attorney-client communications regarding Mr. Stengel's proposal at the end of January 2005, setting up new companies to handle the conference room business, www.smartdesksdesign.com/opus.html, to capitalize on the demand for lectures and podiums outside of the education market, www.smartdesksdesign.com.bh2.html, and for market seating, www.smartdesksdesign.com/sc.html.

The subject matter of the email stream is generally the exchange of information between lawyer and client about the facts underlying the dispute to the end of preparing a complaint.  At counsel's request, Mr. Stengel is presenting his version (and judgment) as to the relevant facts constituting or leading to defendants' wrongful conduct.  At particular issue in Request 27(I) is that portion of the email stream in which Mr. Stengel recounts a January meeting with Mr. Korber at which he recalls proposing setting up certain companies with identified websites.

This disclosure would seem to waive the attorney-client privilege, not as to all communications between counsel and Mr. Stengel about these websites, but rather all attorney-client communications at a different time about Mr. Stengel's proposal regarding these companies and their websites (and possibly if controverted about what was said or not said at the January meeting between Mr. Korber and Mr. Stengel.)  The purpose of the subject matter waiver is to prevent piecemeal and possibly

strategically limited disclosure.  Accordingly, as to these websites, the waiver must necessarily encompass any client-attorney communication on this subject, for example, a later different and less favorable (to plaintiffs' case) recollection of his proposal -- not a blanket waiver of and entitlement to all attorney-client communications on the websites, as was requested.

     3.   The Court further finds that plaintiffs have not complied with the November 9 Order.  Their violations of that Order include: (I) the failure to timely produce documents responsive to the Revised Document Requests; (ii) the failure to provide a detailed privilege log for any documents withheld that were responsive to the Revised Document Requests, (iii) belatedly producing only the documents plaintiff deemed contemplated by the November 9 Order rather than all documents responsive to the Revised Document Requests.

     Accordingly, the Court hereby ORDERS THAT by September 7, 2007:

     1.   Plaintiffs shall supplement their production of documents by producing all materials responsive to the Revised Document Requests and/or providing an appropriately detailed privilege log, in compliance with the Federal Rules and Local Rules of this Court.

     2.   Counsel for plaintiffs shall certify, as officers of the Court, in a written statement filed with the Court, that for defendants' Revised Document Request No. 27, including all subparts, and defendants' Revised Document Request No. 28 (as

modified by footnote 3 to Paper No. 156) that:

    a.   documents responsive to the Revised Requests have already been produced, (and identify documents to specific revised request) giving the corresponding Bates numbers;

    b.   additional responsive documents, identified by Bates numbers, are being produced with the Certification and identify documents to specific identified requests; or

    c.   a privilege log is being provided with the Certification which identifies in appropriate detail any documents that are responsive to the Revised Document Requests (and identify documents to specific revised request) which plaintiffs continue to withhold based on an assertion of privilege.

    3.   For the reasons specified in defendants' Reply Memorandum (Paper No. 156) at 2 n.3, the Court FURTHER ORDERS that plaintiffs' response and supplemental production in response to the Revised Document Requests are to include the time period from December 21, 2005, to the date of the death of Peter Stengel.

    4.   Plaintiffs are instructed that future violations of Orders in this case, or failures to timely comply with discovery obligations, may result in sanctions which may include dismissal of plaintiffs' claims and entry of judgment on defendants' counterclaims.

    5.   The Court shall hold <u>sub</u> <u>curia</u> defendants' request for sanctions, including imposition of expenses incurred in the

filing of this motion, pending plaintiffs' compliance with this Order.

It is so ORDERED this __31st__ day of August, 2007.

```
                          ____/s/_____
                          Susan K. Gauvey
                          United States Magistrate Judge
```