**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SMARTDESKS, INC., et al., )<br><br>    Plaintiffs/Counterclaim Defendants, )<br><br>    v. )<br><br>CBT SUPPLY, INC., et al., )<br><br>    Defendants/Counterclaim Plaintiffs. )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> )<br> ) | Civil Action No.: MJG-05-3456 |

### ORDER

The Court held a telephonic hearing on August 24, 2007 to address continuing issues arising from Defendants' Motion to Compel Production of Privilege Logs and So-Called "Trade Secrets" (Docket No. 120) and this Court's Order of February 15, 2007 (Docket No. 137).  The Court has reviewed the Parties' supplemental submissions at Docket Nos. 176, 182 and 204.  The Court hereby finds that Plaintiffs failed to fully comply with the February 15, 2007 Order.

The Court hereby ORDERS THAT the Plaintiffs shall do the following on or before **September 7, 2007**:

1.        As to the issue of missing Privilege Log entries, Plaintiffs shall provide to Defendants:

    a.    The Bates numbers for documents they have already produced that are encompassed by the categories identified in Defendants' Supplemental Submission Concerning Defendants' Motion to Compel Production of Privilege Logs and So-Called "Trade Secret" Documents (Docket No. 176) at 3, and more particularly described in Plaintiffs' Original Privilege Logs as:

        i. The February 2006 Telephone Conference from Mary Tung to PTO regarding Patents;

        ii.    The February 2006 Telephone Conference from PTO to Mary Tung regarding Patents;

       iii.   The Dec-Feb 2006 Email from Peter Stengel to Scott Conwell regarding litigation; and

       iv.   The Dec-Feb 2006 Email from Peter Stengel to Scott Conwell regarding Patents.

b.  If Plaintiffs have not already produced the documents falling within categories (I)-(iv) above, they must:

       i.  produce them by August 31, 2007;

       ii.   provide specific references (i.e., Bates numbers) for each document to the corresponding entries from Plaintiffs' Supplemental Privilege Log (Ex. 2, of Docket No. 182); and/or

       iii.   provide a further supplemental privilege log identifying withheld documents with the detail required by the Federal Rules, Local Rules, and the February 15 Order ¶2.

2.       Also as to missing Privilege Log entries, it is FURTHER ORDERED THAT Plaintiffs shall provide to Defendants:

a.  The Bates numbers for documents they have already produced that are encompassed by the categories identified in Defendants' Supplemental Submission Concerning Defendants' Motion to Compel (Docket No. 76) at 4, and more particularly described as:

       i. The undated email from Mary Tung to Scott Conwell regarding Litigation;

       ii.   The undated email from Scott Conwell to Mary Tung regarding Litigation;

       iii.   The undated email from the U.S. Dist. Ct. to Scott Conwell regarding Litigation;

       iv.   The undated letters, Faxes, documents, teleconferences, and conferences from Scott Conwell to Peter Stengel regarding Litigation;

     v.    The undated letters, Faxes, documents, teleconferences, and conferences from Peter Stengel to Scott Conwell regarding Litigation;

     vi.    The undated letters, Faxes, documents, teleconferences, and conferences from Scott Conwell to Marcia Stengel, Jennifer Stengel, and Jasen Stengel regarding Litigation; and

     vii.    The undated letters, Faxes, documents, teleconferences, and conferences from Marcia Stengel, Jennifer Stengel, and Jasen Stengel to Scott Conwell regarding Litigation.

  b.  If Plaintiffs have not already produced these documents falling within categories (I)-(vii) above, they must:

     i.  produce them by August 31, 2007;

     ii.    provide specific references (i.e., Bates numbers) for each document to the corresponding entries from Plaintiffs' Supplemental Privilege Log (Ex. 2, of Docket No. 182); and/or

     iii.    provide a further supplemental privilege log identifying withheld documents with the detail required by the Federal Rules, Local Rules, and the February 15 Order ¶2.

3.    As to the issue of incorrectly identified and/or missing documents, it is FURTHER ORDERED THAT Plaintiffs shall certify, as officers of the Court, for each document or category of documents identified in Defendants' Supplemental Submission Concerning Defendants' Motion to Compel (Docket No. 176) at 6-7, and more particularly described below (in subparagraphs a through o), that each document or category of documents, as appropriate:  (i) has been produced, and if so, the Bates number(s) for each such

document; (ii) exists and will be produced, provided with new Bates numbers; (iii) exists but will not be produced based on an assertion of privilege, and if so, provide a further supplemental privilege log entry of sufficient detail; or (iv) although identified in one of Plaintiffs' original privilege logs, that it does not exist.

a. <u>Description</u>: Personal Federal and State Tax Returns FY 1999-FY 2005 (Production Logs, p. 1 of 4)

    i. <u>Problem</u>: The 2000 State Tax form is missing.

    ii.   <u>Problem</u>: The 2002 Federal and State Tax forms are missing.

b. <u>Description</u>: W2's, 1098s, 1099s FY 1999 – FY 2005 (Production Logs, p. 1 of 4)

    i. <u>Problem</u>: The 1999 W2 form is missing.

    ii.   <u>Problem</u>: The 2005 W2 form is missing.

c. <u>Description</u>: CBT SUPPLY Sales Activity Spreadsheet FY 2005 (Production Logs, p. 1 of 4)

    i. <u>Problem</u>: The documents only cover January through December 2004.

    ii.   <u>Problem</u>: The entries in the chart do not provide numbers.

    iii.   <u>Problem</u>: The chart for 2005 is unintelligible.

d. <u>Description</u>: JAS Commission Report – FY 2002 (Production Logs, p. 1 of 4)

    i. <u>Problem</u>: The document is dated 2/11/07.

e. <u>Description</u>: NDC Spread Sheets FY 2001/2002 (Production Logs, p. 2 of 4)

    i. <u>Problem</u>: The documents only cover June 2001 through September 2002.

f. <u>Description</u>: NDC Task/Hours Worksheet FY 2004 (Production Logs, p. 3 of 4)

    i. <u>Problem</u>: The documents only cover May 3, 2004 through July 26, 2004.

g. <u>Description</u>: SD Detail – Labor, Expenses, Supplies, FY 2001 (Production Logs, p. 3 of 4)

    i. <u>Problem</u>: The documents do not identify the year and only cover June and July.

h.  <u>Description</u>: SDDS Expense FY 2000 (Production Logs, p. 3 of 4)

    i. <u>Problem</u>: The documents only cover January 2000 through June 2000.

i. <u>Description</u>: SDDS Sales Activity Spreadsheet FY 2005 (Production Logs, p. 3 of 4)

      i. <u>Problem</u>: The figures for 2005 appear to be only estimates, not the actual sales activity for 2005.

j. <u>Description</u>: WSR Invoicing Lisa Kaslow, Inc. FY 1999-2000 (Production Logs, p. 4 of 4)

      i. <u>Problem</u>: The documents only cover a few weeks from December 1999.

k. <u>Description</u>: WSR AR Receipts Misc Expenses, Fees, Percentage of GP Operating Expenses FY 2004/2005 (Production Log, p. 4 of 4)

      i. <u>Problem</u>: Several documents are not WSR receipts. They are PSA Invoices, NDC invoices and a 2003 Commission Report.

      ii.   <u>Problem</u>: The WSR expense statements that are included cover expenses incurred during 1999 and 2000.

l. <u>Description</u>: WSR Invoice Detail Worksheet Electronic FY 1999 (Production Log, p. 4 of 4)

      i. <u>Problem</u>: The documents provided only cover December 1999.

m. <u>Description</u>: Teleconference notes, dated January 1, 2006 (Bates 002488-002493, Production Logs, p. 1 of 2)

      i. <u>Problem</u>: The documents provided are dated February 2006.

n. <u>Description</u>: Letter, dated Feb. 1, 2006 from Scott Conwell to Michael Rone (Bates 002858, Production Logs, p. 1 of 2)

      i. <u>Problem</u>: The letter provided is dated February 13, 2006 and is from Michael Rone to Scott Conwell.

o. <u>Description</u>: Letter, dated March 1, 2006, from Michael Rone to Scott Conwell (Bates 002859, Production Logs, p. 1 of 2)

      i. <u>Problem</u>: The letter provided is dated March 20, 2006.

4.       The Court shall continue to hold <u>sub</u> <u>curia</u> the imposition of any expenses that defense counsel incurred in filing, briefing and arguing this motion to compel and related filings, until plaintiffs' complete production under the terms of this Order.

IT IS SO ORDERED, this __31st_____ day of August 2007.

      _____/s/_____
      Susan K. Gauvey
      United States Magistrate Judge

6